NELSON MCELMURRY, ESQ. SBN 236079
LAW OFFICES OF THOMAS SALCICCIA
THE SALCICCIA BUILDING
870 NORTH FIRST STREET
SAN JOSE, CA  95112
TELEPHONE:  (408) 295-5555

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

United States Of America,

    Plaintiff,

v.

Saul Nieto,

    Defendant

CASE NO.: 5:07-CR-00525-2 JW

Sentencing Memorandum

## I. INTRODUCTION

Defendant Nieto submits the following in support of his request that the Court impose the 120 month as opposed to the sentence of 129 months recommended in the Presentence Report and that pursuant to the negotiated plea agreement, the sentence run concurrent to State Court Case 07-0681 out of San Benito County, CA.

## II. THE SENTENCING FRAMEWORK

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) and U.S. v. Ameline, 409 F.3d 1073 (9 Cir. 2005)  the sentence to be imposed by this court must consider all of the factors identified in 18 U.S.C. § 3553(a) and the advisory Sentencing

Guidelines (the "Guidelines") established by the United States Sentencing Commission. Thus, the sentence to be imposed must be the result of a consideration of:

    (1) the nature and circumstance of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed –

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for –

        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

    (5) any pertinent policy statement . . . [issued by the Sentencing Commission];

    (6) the need to avoid unwanted sentencing disparities among defendants with similar record who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense; 18 U.S.C. §3553(a).

As pointed out in United States v. Menyweather, 447 F.3d 625 (9 Cir. 2006) Booker makesth ". . . the Guidelines sentencing range a required consideration, see § 3553(a)(4), but 'permits the court to tailor the sentence in light of other statutory concerns as well." (Cite omitted) 447 F.3d 625 at 630. In United States v. Ameline, 409 F.3d 1073 (9 Cir. 2005) (en banc) Wardlaw, J., concurring in part and dissenting in part) the court pointed out that "District Courts now . . . have the discretion to weigh a multitude of

mitigating and aggravating factors that existed at the time of mandatory Guidelines sentencing, but were deemed 'not ordinarily relevant, 'such as age, education, and vocational skills, mental and emotional conditions, employment record, family ties and responsibilities." Id. at 1093.

### III. FACTUAL RECITATIONS IN THE PRESENTENCE REPORT

Mr. Nieto has no objections to the factual recitations in the pre-sentence report although the defendant does note that the pre-sentence report does not address the issue of concurrent sentencing with San Benito County Case 07-0681 per the negotiated settlement.

### IV. GUIDELINE CALCULATIONS

Defendant Nieto has no objections to the Guideline Calculations contained in the Presentence Report.

### V. MR. NIETO REQUESTS A RECOMMENDATION TO THE BUREAU OF PRISONS RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM

Defendant Nieto requests a referral from the court to participate in the Bureau of Prisons substance abuse program, as recommended in the pre-sentence report. Mr. Nieto has been addicted to various narcotics since high school which has clearly been the root of his legal problems. Mr. Nieto has acknowledged on numerous occasions to his family and attorney that he needs help to break the addiction and is actively seeking help, while currently participating in drug treatment programs in Santa Clara County's Main Jail. Mr. Nieto would make an excellent candidate for treatment and recovery.

### VI. SENTENCING RECOMMENDATIONS IN THE PRESENTENCE REPORT

Defendant Nieto agrees with the sentencing range of the pre-sentence report but would respectfully request the low term of 120 months as opposed to the 129 months recommended in the pre-sentence report. As discussed above, the court has latitude in determining the appropriate sentence for Mr. Nieto, and defendant respectfully submits that a sentence of 120 months would be more consistent with the negotiated plea agreement, as would the concurrent sentencing with the San Benito Case. And

while the pre-sentence report does give Mr. Nieto an appropriate adjustment for acceptance of responsibility, I think the court would benefit from a brief discussion of the defendant's attitude. I have represented Mr. Nieto in the aforementioned San Benito County Case which he was sentenced on only a few months before being taken in on this case. And the one glaring aspect I find inspiring is the defendant's enthusiasm in taking responsibility. In both matters, Mr. Nieto has made no excuses and has accepted the consequences of his action immediately and without delay. Mr. Nieto has made it clear to me that his primary goal is to break his addiction and turn his life around and if prison is the vehicle to do so, then he is fine with it. I believe this immediate acceptance was also what prompted the negotiated settlement of 10 years and concurrent sentencing. Rarely do I see such an acceptance in a defendant, especially when facing such a prison term. For this reason, the defendant would request that the court honor the negotiated settlement and sentence defendant to 120 months concurrent with the San Benito County case.

Dated: February 28, 2008         /s/_____
                                 Nelson McElmurry
                                 Attorney For Defendant